FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 23 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LAWRENCE BROWN                                                                    PLAINTIFF

v.                                              1:05CV00012HLJ

RICHARD HAWKEN                                                                    DEFENDANT

## PROPOSED FINDINGS & RECOMMENDATION

This matter is before the Court on plaintiff's motions for release and to halt all criminal proceedings pending against him (DE ##8, 10). By Order dated May 17, 2005 (DE #13), this Court stated that it was construing these motions as for preliminary injunctive relief, and directed defendants to respond. Defendants filed a response to the motions (DE #15).

The standard in this circuit for reviewing a motion for a preliminary injunction was established in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Court must consider the following factors:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id. No single factor is dispositive, but the movant must establish a threat of irreparable harm. Id. Without a finding of irreparable injury, a preliminary injunction should not be issued. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

In Goff v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always

1

> be viewed with great caution because judicial restraint is especially
> called for in dealing with the complex and intractable
> problems of prison administration...[t]he courts should not get involved
> unless either a constitutional violation has already occurred or the threat
> of such a violation is both real and immediate.

Plaintiff is a pretrial detainee incarcerated at the Independence County Jail, alleging deliberate indifference to serious medical needs and denial of medical care against defendant. In his motions for injunctive relief, plaintiff asks to be released from Jail because of the inadequate medical care provided to him for his blood pressure problems, and to halt his criminal proceedings while this civil rights action is pending.

In response, defendant states that plaintiff's state court request for a recognizance bond was denied after plaintiff attempted to obtain release based on his medical condition, and that plaintiff has offered no argument to support an Order from this Court overriding the state judge's decision. Defendant also states that plaintiff has offered no proof of an emergency medical condition, and that plaintiff's medication log shows that he has received medication while at the Jail. Finally, defendant states that pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), plaintiff can not show the existence of extraordinary circumstances which would justify this Court enjoining plaintiff's state court criminal proceedings.

The Court finds no proof from plaintiff of an emergency medical condition or of threat of irreparable harm to him. In addition, the Court is reluctant, absent proof of extraordinary circumstances, to interfere with a state court judge's decision and pending state court criminal proceedings. Therefore, in light of defendant's response to plaintiff's motion, the Dataphase considerations, and the standard set forth in Goff, supra, the Court finds that plaintiff has not alleged sufficient facts to require a hearing under the Dataphase factors, and therefore, his motions will be

denied. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motions for release and to halt (DE ##8, 10), which this Court construes as motions for preliminary injunctive relief are hereby DENIED.

IT IS SO ORDERED this _____ day of June_____, 2005.

_____
United States Magistrate Judge

# UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
UNITED STATES POST OFFICE & COURTHOUSE
600 WEST CAPITOL AVENUE, ROOM 521
LITTLE ROCK, ARKANSAS 72201-3325

HENRY L. JONES, JR.
UNITED STATES MAGISTRATE JUDGE

June 24, 2005

OFFICE: (501) 604-5170
FAX: (501) 604-5177

Lawrence Edward Brown
569 West Main Street
Batesville, AR 72501

RE: Brown v. Hawken
    No. 1:05CV00012 SWW/HLJ

Dear Mr. Brown:

Attached is a partial recommended disposition of this case, which has been prepared by this office and submitted to United States District Judge Susan Webber Wright.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party.

Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1. Why the record made before the Magistrate Judge is inadequate.

  2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate.

Lawrence Edward Brown
Page 2
---------------------

    3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

        United States District Court
        600 West Capitol, Suite 402
        Little Rock, AR    72201

                      Sincerely,

                      Henry L. Jones, Jr.
                      United State Magistrate Judge

HLJJr:pg

cc:  Honorable Susan Webber Wright, United States District Judge
     Michael R. Rainwater, Attorney
     File